**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **KAEMANJE THOMAS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil No. SAG-23-02217** |
| | * | |
| **COPPIN STATE UNIVERSITY,** *et al.,* | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION**

Plaintiff Kaemanje Thomas, who is self-represented,[1] filed an Amended Complaint against his former employer, Coppin State University ("Coppin State") and its president, Anthony Jenkins ("President Jenkins" and collectively with Coppin State, "Defendants") for claims of discriminatory treatment during his previous employment. ECF 8. Defendants have filed a partial motion to dismiss two categories of Plaintiff's claims: (1) the hostile work environment claims in Counts I and II, and (2) all of Count IV, which asserts a procedural due process claim. ECF 16. Plaintiff opposed the motion, ECF 17, and Defendants replied, ECF 21. This Court has reviewed the motions and the relevant briefing and has determined that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Defendants' partial motion to dismiss will be granted and the case will proceed as to the remaining claims.

### I.    FACTUAL BACKGROUND

The following facts are derived from the Amended Complaint, ECF 8, and exhibits which are official public records or documents that are referenced in the Amended Complaint, authentic,

---

[1] Plaintiff began this case represented by counsel, who has now withdrawn. The Amended Complaint was filed by counsel, but it is evident that Plaintiff prepared the opposition to the instant motion in his self-represented capacity.

and integral to Plaintiff's claims, such as Plaintiff's employment contract and the two letters he received in December, 2022. *See, e.g.*, *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014) (allowing such documents to be considered without converting a motion to dismiss into a motion for summary judgment).[2] The facts set forth in Plaintiff's Amended Complaint are assumed to be true for purposes of this motion.

On August 15, 2022, Plaintiff began work under a one-year appointment as a tenure-track Assistant Professor of Elementary Education in the Department of Teaching and Learning at Coppin State University. ECF 8 ¶ 7. His Tenure-Track Faculty Appointment contract provides, "This appointment will be renewed automatically for one additional academic year unless written notice to the contrary is given the Appointee by the date designated in paragraph I.C.3 of the University System of Maryland Policy on Appointment, Rank and Tenure." ECF 16-4 ¶ 4. That paragraph specifics that the written notice must be given "not later than March 1 of the first academic year of service." ECF 16-5 at 4.

During a phone call during Plaintiff's first weeks of employment, the Dean of the College of Arts and Sciences and Education, Leontye Lewis, called Plaintiff a "sissy" when he mentioned that he was having some health issues. ECF 8 ¶ 8. Although Dean Lewis tried to "play the insulting comments off as a joke," her comment deeply offended Plaintiff. *Id.*

On August 30, 2022, at a department meeting, Dean Lewis singled Plaintiff out and berated him for not having selected a school to service. *Id.* ¶ 9. She made a joke using Jamaican patois that Plaintiff did not find funny. *Id.* Plaintiff requested a meeting to try to resolve the situation but at the meeting, Dean Lewis was "confrontational and dismissive." *Id.*

---

[2] This Court has not considered other exhibits submitted by Defendants, such as the Affidavit of Lisa Horne Early, ECF 16-3, which cannot properly be considered in adjudicating a motion to dismiss.

During a September 17, 2022 meeting, Plaintiff informed Dean Lewis of some ongoing health issues he suffered. *Id.* ¶ 10. Dean Lewis responded by talking about working through her own and her family's health issues, and then said, "I am not asking any of you to do what I am not doing. As a man, you need to man up and stop being a sissy!" *Id.* When Plaintiff complained, Dean Lewis stated that she was "only joking." *Id.*

Another faculty member, Dr. Karen Rogers, also made comments that Plaintiff found upsetting. *Id.* ¶ 12. When Plaintiff expressed concerns about various work issues, Dr. Rogers responded with comments such as, "dude, I do not know what to tell you, figure it out like I am." *Id.* On September 20, 2022, when Plaintiff voiced dissatisfaction with working conditions, Dr Rogers responded, "shut your mouth or else I will be forced to write you up." *Id.* ¶ 12.

On October 20, 2022, Plaintiff submitted an ADA accommodations form to human resources, requesting the reasonable accommodation of remote work several days per week because of his back issues. *Id.* ¶ 13. When he asked Dean Lewis about the status of his request, she responded that she did not have time to hear his concerns. *Id.*

In the fall, the Department began experiencing behavioral issues with one of its students, Tamia Anthony, who was assigned to work in a partner elementary school. *Id.* ¶ 14. Plaintiff taught Anthony in a classroom setting. *Id.* ¶¶ 15–16. In November, 2022, after other faculty members had raised concerns about Anthony, Plaintiff sent emails to Dr. Rogers expressing grave concerns with Anthony's behavior. *Id.* ¶ 14–15. Dr. Rogers provided no assistance. *Id.* ¶ 15. Plaintiff then emailed Anthony's advisor, Dr. Wyletta Gamble-Lomax, who also took no action. *Id.*

On December 6, 2022, Anthony cursed at Plaintiff in the classroom. *Id.* ¶ 16. Plaintiff asked a neighboring faculty member to call campus security. *Id.* The next day, Plaintiff submitted a formal complaint to the Vice President of Academic Affairs and Human Resources, complaining

that Dr. Rogers had not assisted him with Anthony because he was perceived to be a "sissy." *Id.* ¶ 17. Plaintiff also sent an email requesting a meeting with President Jenkins about Plaintiff's issues with Dean Lewis and Dr. Rogers. *Id.* ¶ 18.

On December 22, 2022, Plaintiff received two letters from Coppin State. *Id.* ¶ 19. The first, dated December 6, 2022 from President Jenkins, stated that Plaintiff's one-year tenure-track faculty appointment as an Assistant Professor would not be renewed and would terminate at the end of the spring semester in 2023. ECF 16-7. The second, dated December 20, 2022 from the Chief Human Resources Officer, Dr. Lisa Horne Early, informed Plaintiff that he would be "placed on administrative leave with pay with no duties and responsibilities on campus." ECF 16-9. Dr. Early's letter stated that the Office of Human Resources had received "multiple complaints" against Plaintiff "alleging a hostile work environment." *Id.* The letter stated that Plaintiff would be "placed in an administrative leave status pending the outcome of the investigation of the allegations" and instructed Plaintiff to contact an assistant "to schedule a time to meet with me to intake and begin processing of your grievance." *Id.*

On December 28, 2022, Plaintiff wrote to President Jenkins regarding his placement on administrative leave and the decision not to renew his appointment. ECF 8 ¶ 20. He then filed a charge with the Equal Employment Opportunity Commission (EEOC), which issued a right to sue letter. *Id.* ¶ 24. This lawsuit ensued.

## II.     LEGAL STANDARD

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a

defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015).

Because Plaintiff is self-represented, his pleadings and filings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he is self-represented. *Beaudett v. City of*

*Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III.   ANALYSIS

#### A.  Hostile Work Environment Claims

In Counts I and II, Plaintiff alleges that Coppin State violated Title VII of the Civil Rights Act of 1964 and Section 504 of the Rehabilitation Act of 1973 by subjecting him to a hostile work environment, which exists where "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal citations and quotation marks omitted). To establish a claim under Title VII or the Rehabilitation Act for a hostile work environment, "a plaintiff must show that there is (1) unwelcome conduct; (2) that is based on the plaintiff's [race, gender, or disability]; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 271 (4th Cir. 2015) (quoting *Okoli v. City of Balt.*, 648 F.3d 216, 220 (4th Cir. 2011) (alteration and internal quotation marks omitted)); *see also Fox v. GMC*, 247 F.3d 169, 177 (4th Cir. 2001) (summarizing the same factors under the Rehabilitation Act).

Plaintiff has failed to plead facts establishing the requisite severe and pervasive conduct based on his status in a protected class. He has alleged, of course, an unpleasant work environment and an inability to get supervisory attention paid to his grievances and requests. But simple mistreatment or rude conduct does not suffice to support a hostile work environment claim. *See*

*EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315–16 (4th Cir. 2008) ("[C]omplaints premised on nothing more than rude treatment by [coworkers], callous behavior by [one's] superiors, [or] a routine difference of opinion and personality conflict with [one's] supervisor" do not suffice) (internal citations and quotation marks omitted); *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (finding a workplace dispute and "some perhaps callous behavior by her superiors" insufficient for a plaintiff to establish severe or pervasive activity, even at the Rule 12(b)(6) stage); *Khoury v. Meserve*, 268 F. Supp. 2d 600, 614 (D. Md. 2003) (determining that "disrespectful, frustrating, critical, and unpleasant" workplace interactions do not create a hostile work environment). Plaintiff alleges a total of six specific incidents during the semester he worked at the school: two in which Dean Lewis called him a "sissy," one in which she was "berating him" for "not yet selecting a school to service" by making a "joke using Jamaican patois,"[3] two incidents in which Dr. Rogers told him to "figure it out" or to "shut your mouth," and one in which Dean Lewis "was dismissive" of his accommodation concerns and told him she did not have time to hear them.[4] He also alleges that Dr. Rogers "withheld assistance" when he was bullied in a classroom by a student. ECF 8 ¶ 14. Other than the two uses of the word "sissy," none of these incidents involve arguable hostilities related to Plaintiff's gender, gender expression, or disability. And those two isolated incidents are insufficient to meet the "high bar in order to satisfy the severe or pervasive test." *Sunbelt Rentals, Inc*., 521 F.3d at 315. The remainder of the allegations describe unpleasant and unprofessional work conditions and personality conflicts with supervisors and

---

[3] The joke referenced here does not appear to have any connection to gender or disability. The Amended Complaint does not specify whether any of the parties to this conversation are Jamaican, but there is no national origin-based claim included, nor would the single incident amount to a hostile work environment had such claim been included.

[4] Supervisory inaction with respect to a requested accommodation is of course relevant to Plaintiff's failure to accommodate claim, but does not constitute the type of severe and pervasive conduct that would contribute to a hostile work environment.

co-workers, but are not gender- or disability-based actions contributing to a severe or pervasive hostile work environment claim.

Ultimately, taking all of Plaintiff's allegations as true and construing them liberally, he has not plausibly pled that he was subject to a hostile work environment. Accordingly, Counts I and II will be dismissed to the extent they present such a claim.

**B. Due Process Claim**

In Count IV, Plaintiff contends that he was not afforded due process before he was deprived of "his property interest in his employment and related compensation" when "Defendant Jenkins terminated him." ECF 8 ¶ 48. Specifically, he contends that "tenure-track faculty like [Plaintiff] may be terminated only for moral turpitude, professional or scholarly misconduct, incompetence, or willful neglect of duty per USM-II-1.00(C)(7)(a)" and the like procedures applicable at Coppin State. *Id.* ¶¶ 22, 23.

The problem with Plaintiff's due process argument is that he has not plausibly pled that he was terminated. The letter he characterizes as a "termination" is captioned "Notice of Non-Renewal of Faculty Appointment" and makes no reference to terminating his existing contract during its term. ECF 16-7. It simply provides notice that his appointment will not automatically renew. *Id.* Coppin State's policies governing termination, then, did not apply to Plaintiff's situation. Instead, its policies governing the retention of non-tenured faculty applied, which specifically anticipated the possibility of non-renewal. *See* ECF 16-4 ¶ 4 ("An appointment to the rank of full-time Assistant Professor will be renewed . . . unless the appointee is notified in writing to the contrary . . . not later than March 1 of the first academic year . . . ."). Defendants followed this policy when President Jenkins sent Plaintiff a non-renewal letter dated December 6,

2022. ECF 16-7. Plaintiff has not cited any policies establishing any process owed to an employee prior to a decision not to renew an expiring one-year contract.

Additionally, Plaintiff has not established that he had any property interest in continued employment past the one-year term of his contract. In fact, in a very similar case, the Supreme Court has decided that a nontenured professor who was not rehired for a second academic year had no property interest in continued employment that would trigger due process protections before nonrenewal. *See Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 578 (1972). Accordingly, Plaintiff's due process claim must be dismissed.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's Partial Motion to Dismiss, ECF 16, is granted. Count Four is dismissed, as are the hostile work environment claims in Counts One and Two. Defendants are to answer Plaintiff's remaining claims so that a scheduling order can issue and discovery can begin. A separate Order follows.

Dated: January 25, 2024                                      _____/s/_____

                                                            Stephanie A. Gallagher
                                                            United States District Judge

9